IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **JOSEPH REED**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 4:16-cv-423 |
| v. | ) |
| | ) |
| **MFA OIL COMPANY** | ) |
| Serve Registered Agent: | ) |
| Janice Serpico | ) **TRIAL BY JURY DEMANDED** |
| One Ray Young Drive | ) |
| Columbia, MO 65201 | ) |
| | ) |
| And | ) |
| | ) |
| **WESTERN OIL, INC.** | ) |
| Serve Registered Agent: | ) |
| George Eble, Jr. | ) |
| 3473 Rider Trail South | ) |
| Earth City, MO 63045 | ) |
| | ) |
| And | ) |
| | ) |
| **WESTERN OIL** | ) |
| **TRANSPORTATION, INC.** | ) |
| Serve Registered Agent: | ) |
| George Eble, Jr. | ) |
| 3473 Rider Trail South | ) |
| Earth City, MO 63045 | ) |
| | ) |
| Defendants. | ) |
| | ) |

## **COMPLAINT**

COMES NOW, Plaintiff, JOSEPH REED, and for his causes of action against Defendants, MFA OIL COMPANY and WESTERN OIL, INC. and WESTERN OIL TRANSPORATION, INC., states to the Court as follows:

**Preliminary Statement**

This action seeks compensatory damages for acute injuries suffered by Plaintiff, JOSEPH REED, on August 22, 2014, when he was a patron at a gas station, located at 7485 Highway 47, City of Union, County of Franklin, State of Missouri. Defendants MFA OIL COMPANY and WESTERN OIL, INC. and WESTERN OIL TRANSPORATION, INC. owned, operated and/or managed the above referenced gas station.  The PLAINTIFF suffered severe physical and psychological injuries when his wheelchair fell off the side of the walkway just outside the entrance of the gas station.

**Jurisdiction**

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this cause of action arises under the laws and statutes of the United States. Additionally, this Court has jurisdiction to hear all other claims so arising from the same set of operative facts under 28 U.S.C. § 1367(a).

**Venue**

2. Venue of this action properly lies in the United States District Court for the Eastern District of Missouri, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claim occurred within this district.

**Parties**

3. Plaintiff, JOSEPH REED (hereinafter "**PLAINTIFF**") is a resident of Franklin County, State of Missouri.

4. Defendant MFA OIL COMPANY, (hereinafter "**DEFENDANT MFA**") is a company that conducts business in the State of Missouri, which was transacting and conducting

2

commercial activities within the State of Missouri at that the time of the incident described herein.

5.     Defendant WESTERN OIL TRANSPORTATION, INC., (hereinafter "**DEFENDANT TRANSPORTATION**") is a corporation that conducts business in the State of Missouri, which was transacting and conducting commercial activities within the State of Missouri at that the time of the incident described herein.

6.     Defendant WESTERN OIL, INC., (hereinafter "**DEFENDANT WESTERN**") is a corporation that conducts business in the State of Missouri, which was transacting and conducting commercial activities within the State of Missouri at that the time of the incident described herein.

## FACTS COMMON TO ALL COUNTS

7.     On or about August 22, 2014 DEFENDANTS MFA, TRANSPORTATION and WESTERN owned, operated and/or managed the gas station located at 7485 Highway 47, City of Union, County of Franklin, State of Missouri.

8.     On or about August 22, 2014, PLAINTIFF was a guest and/or patron and/or customer at the gas station located at 7485 Highway 47, City of Union, County of Franklin, State of Missouri.

9.     On or about August 22, 2014, PLAINTIFF pumped gas, at the above reference gas station, and was in the process of wheeling his wheelchair into the station to complete his purchase, when PLAINTIFF attempted to maneuver his wheelchair, on the sidewalk outside the entrance of the gas station, around several cases of bottled water stacked immediately outside the entrance. When suddenly and without warning PLAINTIFF's wheelchair was caused to fall off the walkway

and flip on top of PLAINTIFF's body, thereby causing serious and permanent injuries to PLAINTIFF.

10. DEFENDANTS MFA, TRANSPORTATION, and WESTERN owned, operated and maintained that building to include the portion of the walkway where PLAINTIFF was caused to fall and sustain injury.

11. The walkway where PLAINTIFF was caused to fall and sustain injury was designed for wheelchair bound customers.

12. The Americans With Disabilities Act (28 CFR §36 et seq.) (hereinafter "**the ADA**") applies to the walkway where PLAINTIFF was caused to fall and sustain injury.

## COUNT I – NEGLIGENCE – MFA OIL COMPANY

COMES NOW, PLAINTIFF and for his cause of action against Defendant MFA OIL COMPANY, states as follows:

13. PLAINTIFF adopts by reference each and every paragraph and sub-paragraph contained in paragraphs 1-12 above.

14. On or about August 22, 2014, the walkway leading up to DEFENDANT MFA's gas station was in a condition such that it had defects to include insufficient space for wheelchair bound customers on the walkway.

15. At all times pertinent hereto, DEFENDANT MFA was under a duty to act with reasonable care regarding the upkeep and maintenance of its premises on behalf of all guests and patrons of the gas station, including PLAINTIFF.

4

16. At all times pertinent hereto, DEFENDANT MFA was under a duty to act with reasonable care by assuring the walkways of its premises were clear from obstruction on behalf of all guests and patrons of the gas station, including PLAINTIFF.

17. That said fall was directly and proximately caused by the carelessness and negligence of DEFENDANT MFA as owners, operators and/or managers of the premises in one or more of the following respects, to wit:

   a. DEFENDANT MFA failed to properly maintain the walkway of its gas station and keep the property in a reasonably safe condition, when it could have done so by exercising ordinary care under the circumstances, such that the walkway was not clear from obstruction on behalf of all guests and patrons;

   b. DEFENANT MFA failed to properly maintain the walkway of its gas station and keep the property in a reasonably safe condition, when it could have done so by exercising ordinary care under the circumstances, such that DEFENDANT MFA could have maintained proper and suitable space for wheelchairs on behalf of all guests and patrons;

   c. DEFENDANT MFA failed to warn Plaintiff that the walkway was not in reasonably safe condition, when DEFENDANT MFA knew or by exercising ordinary care should have known that the walkway was in an unsafe condition based on the issues noted above;

   d. DEFENDANT MFA failed to ensure the walkway complied with Americans With Disabilities Act (28 CFR §36 et seq.);

   e. DEFENDANT MFA failed to ensure the walkway complied with Section 4.3.2(1) of the Americans With Disabilities Act, such that DEFENDFANT MFA could have maintained an accessible route for wheelchair bound customers to the entrance of its gas station for wheelchair bound guests and patrons; and

   f. DEFENDANT MFA failed ensure the walkway complied with Section 4.3.3 of the Americans With Disabilities Act, such that DEFENDANT MFA could have maintained a 36-inch clearance on the walkway for wheelchair bound guests and patrons.

18. That as a direct and proximate result of the negligence and carelessness of the

DEFENDANT MFA, PLAINTIFF suffered injuries to his left lower extremity, left hip, right upper extremity, and right elbow; that PLAINTIFF suffered, suffers and will in the future continue to suffer great physical pain and mental anguish; that the function of all of the stated areas and parts of PLAINTIFF's body has been and will be in the future be greatly impaired and diminished and that all of PLAINTIFF's injuries, effects and results thereof are permanent and progressive.

19. As a direct and proximate result of the DEFENDANT MFA's carelessness and negligence and the injuries to PLAINTIFF described herein, PLAINTIFF has incurred medical expenses to date, in sums not yet determined, and other damages in excess of $75,000.00, and is reasonably certain to sustain additional expense and loss in the future on account of medical treatment.

WHEREFORE, Plaintiff JOSEPH REED prays for judgment against Defendant, MFA OIL COMPANY, in excess of $75,000 and for his costs incurred and for such other relief as the Court deems just and proper.

## COUNT II – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT – MFA OIL COMPANY

COMES NOW, PLAINTIFF and for his cause of action against Defendant MFA OIL COMPANY, states as follows:

20. PLAINTIFF adopts by reference each and every paragraph and sub-paragraph contained in paragraphs 1-19 above.

21. On or about August 22, 2014, DEFENDANT MFA had a duty to comply with the Americans With Disabilities Act.

22. On or about August 22, 2014, the walkway where PLAINTIFF was caused to fall and sustain injury was an accessible route for wheelchair bound guests and patrons, covered under the Americans With Disabilities Act.

23. DEFENDANT MFA failed to maintain the walkway in violation of Section 4.3.2(1) of the Americans With Disabilities Act, such that DEFENDANT MFA should have maintained an accessible route for wheelchair bound guests and patrons.

24. DEFENDANT MFA failed to maintain the walkway in violation of Section 4.3.3 of the Americans With Disabilities Act, such that DEFENDANT MFA should have maintained a 36-inch clearance on the walkway for wheelchair bound guests and patrons.

25. That as a direct and proximate result of the negligence and carelessness of the DEFENDANT MFA, PLAINTIFF suffered injuries to his left lower extremity, left hip, right upper extremity, and right elbow, ; that PLAINTIFF suffered, suffers and will in the future continue to suffer great physical pain and mental anguish; that the function of all of the stated areas and parts of PLAINTIFF's body has been and will be in the future be greatly impaired and diminished and that all of PLAINTIFF's injuries, effects and results thereof are permanent and progressive.

26. As a direct and proximate result of the DEFENDANT MFA's carelessness and negligence and the injuries to PLAINTIFF described herein, PLAINTIFF has incurred medical expenses to date, in sums not yet determined, and other damages in excess of $75,000.00, and is reasonably certain to sustain additional expense and loss in the future on account of medical treatment.

WHEREFORE, Plaintiff JOSEPH REED prays for judgment against Defendant, MFA OIL COMPANY, in excess of $75,000 and for his costs incurred and for such other relief as the Court deems just and proper.

## **COUNT III – NEGLIGENCE – WESTERN OIL, INC.**

COMES NOW, PLAINTIFF and for his cause of action against Defendant WESTERN, states as follows:

27. PLAINTIFF adopts by reference each and every paragraph and sub-paragraph contained in paragraphs 1-26 above.

28. On or about August 22, 2014, the walkway leading up to DEFENDANT WESTERN's gas station was in a condition such that it had defects to include insufficient space for wheelchair bound customers on the walkway.

29. At all times pertinent hereto, DEFENDANT WESTERN was under a duty to act with reasonable care regarding the upkeep and maintenance of its premises on behalf of all guests and patrons of the gas station, including PLAINTIFF.

30. At all times pertinent hereto, DEFENDANT WESTERN was under a duty to act with reasonable care by assuring the walkways of its premises were clear from obstruction on behalf of all guests and patrons of the gas station, including PLAINTIFF.

31. That said fall was directly and proximately caused by the carelessness and negligence of DEFENDANT WESTERN as owners, operators and/or managers of the premises in one or more of the following respects, to wit:

   a. DEFENDANT WESTERN failed to properly maintain the walkway of its gas station and keep the property in a reasonably safe condition, when it could have

       done so by exercising ordinary care under the circumstances, such that the walkway was not clear from obstruction on behalf of all guests and patrons;

  b. DEFENANT WESTERN failed to properly maintain the walkway of its gas station and keep the property in a reasonably safe condition, when it could have done so by exercising ordinary care under the circumstances, such that DEFENDANT WESTERN could have maintained proper and suitable space for wheelchairs on behalf of all guests and patrons;

  c. DEFENDANT WESTERN failed to warn Plaintiff that the walkway was not in reasonably safe condition, when DEFENDANT WESTERN knew or by exercising ordinary care should have known that the walkway was in an unsafe condition based on the issues noted above;

  d. DEFENDANT WESTERN failed to ensure the walkway complied with Americans With Disabilities Act (28 CFR §36 et seq.);

  e. DEFENDANT WESTERN failed to ensure the walkway complied with Section 4.3.2(1) of the Americans With Disabilities Act, such that DEFENDFANT WESTERN could have maintained an accessible route for wheelchair bound customers to the entrance of its gas station for wheelchair bound guests and patrons; and

  f. DEFENDANT WESTERN failed ensure the walkway complied with Section 4.3.3 of the Americans With Disabilities Act, such that DEFENDANT WESTERN could have maintained a 36-inch clearance on the walkway for wheelchair bound guests and patrons.

32. That as a direct and proximate result of the negligence and carelessness of the DEFENDANT WESTERN, PLAINTIFF suffered injuries to his left lower extremity, left hip, right upper extremity, and right elbow; that PLAINTIFF suffered, suffers and will in the future continue to suffer great physical pain and mental anguish; that the function of all of the stated areas and parts of PLAINTIFF's body has been and will be in the future be greatly impaired and diminished and that all of PLAINTIFF's injuries, effects and results thereof are permanent and progressive.

33. As a direct and proximate result of the DEFENDANT WESTERN's carelessness

9

and negligence and the injuries to PLAINTIFF described herein, PLAINTIFF has incurred medical expenses to date, in sums not yet determined, and other damages in excess of $75,000.00, and is reasonably certain to sustain additional expense and loss in the future on account of medical treatment.

WHEREFORE, Plaintiff JOSEPH REED prays for judgment against Defendant, WESTERN OIL, INC., in excess of $75,000 and for his costs incurred and for such other relief as the Court deems just and proper.

### **COUNT IV – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT – WESTERN OIL INC.**

COMES NOW, PLAINTIFF and for his cause of action against Defendant WESTERN OIL, INC., states as follows:

34. PLAINTIFF adopts by reference each and every paragraph and sub-paragraph contained in paragraphs 1-33 above.

35. On or about August 22, 2014, DEFENDANT WESTERN had a duty to comply with the Americans With Disabilities Act.

36. On or about August 22, 2014, the walkway where PLAINTIFF was caused to fall and sustain injury was an accessible route for wheelchair bound guests and patrons, covered under the Americans With Disabilities Act.

37. DEFENDANT WESTERN failed to maintain the walkway in violation of Section 4.3.2(1) of the Americans With Disabilities Act, such that DEFENDANT WESTERN should have maintained an accessible route for wheelchair bound guests and patrons.

39. DEFENDANT WESTERN failed to maintain the walkway in violation of Section 4.3.3 of the Americans With Disabilities Act, such that DEFENDANT WESTERN should have maintained a 36-inch clearance on the walkway for wheelchair bound guests and patrons.

40. That as a direct and proximate result of the negligence and carelessness of the DEFENDANT WESTERN, PLAINTIFF suffered injuries to his left lower extremity, left hip, right upper extremity, and right elbow, ; that PLAINTIFF suffered, suffers and will in the future continue to suffer great physical pain and mental anguish; that the function of all of the stated areas and parts of PLAINTIFF's body has been and will be in the future be greatly impaired and diminished and that all of PLAINTIFF's injuries, effects and results thereof are permanent and progressive.

41. As a direct and proximate result of the DEFENDANT WESTERN's carelessness and negligence and the injuries to PLAINTIFF described herein, PLAINTIFF has incurred medical expenses to date, in sums not yet determined, and other damages in excess of $75,000.00, and is reasonably certain to sustain additional expense and loss in the future on account of medical treatment.

WHEREFORE, Plaintiff JOSEPH REED prays for judgment against Defendant, WESTERN OIL, INC., in excess of $75,000 and for his costs incurred and for such other relief as the Court deems just and proper.

**COUNT V – NEGLIGENCE – WESTERN OIL TRANSPORTATION, INC.**

COMES NOW, PLAINTIFF and for his cause of action against Defendant WESTERN OIL TRANSPORTATION, INC., states as follows:

42. PLAINTIFF adopts by reference each and every paragraph and sub-paragraph contained in paragraphs 1-41 above.

43. On or about August 22, 2014, the walkway leading up to DEFENDANT TRANSPORTATION's gas station was in a condition such that it had defects to include insufficient space for wheelchair bound customers on the walkway.

44. At all times pertinent hereto, DEFENDANT TRANSPORTATION was under a duty to act with reasonable care regarding the upkeep and maintenance of its premises on behalf of all guests and patrons of the gas station, including PLAINTIFF.

45. At all times pertinent hereto, DEFENDANT TRANSPORTATION was under a duty to act with reasonable care by assuring the walkways of its premises were clear from obstruction on behalf of all guests and patrons of the gas station, including PLAINTIFF.

46. That said fall was directly and proximately caused by the carelessness and negligence of DEFENDANT TRANSPORTATION as owners, operators and/or managers of the premises in one or more of the following respects, to wit:

   a. DEFENDANT TRANSPORTATION failed to properly maintain the walkway of its gas station and keep the property in a reasonably safe condition, when it could have done so by exercising ordinary care under the circumstances, such that the walkway was not clear from obstruction on behalf of all guests and patrons;

   b. DEFENANT TRANSPORTATION failed to properly maintain the walkway of its gas station and keep the property in a reasonably safe condition, when it could have done so by exercising ordinary care under the circumstances, such that DEFENDANT TRANSPORTATION could have maintained proper and suitable space for wheelchairs on behalf of all guests and patrons;

   c. DEFENDANT TRANSPORTATION failed to warn Plaintiff that the walkway was not in reasonably safe condition, when DEFENDANT TRANSPORTATION knew or by exercising ordinary care should have known that the walkway was in an unsafe condition based on the issues noted above;

    d.    DEFENDANT TRANSPORTATION failed to ensure the walkway complied with Americans With Disabilities Act (28 CFR §36 et seq.);

    e.    DEFENDANT TRANSPORTATION failed to ensure the walkway complied with Section 4.3.2(1) of the Americans With Disabilities Act, such that DEFENDFANT TRANSPORTATION could have maintained an accessible route for wheelchair bound customers to the entrance of its gas station for wheelchair bound guests and patrons; and

    f.    DEFENDANT TRANSPORTATION failed ensure the walkway complied with Section 4.3.3 of the Americans With Disabilities Act, such that DEFENDANT TRANSPORTATION could have maintained a 36-inch clearance on the walkway for wheelchair bound guests and patrons.

47.    That as a direct and proximate result of the negligence and carelessness of the DEFENDANT TRANSPORTATION, PLAINTIFF suffered injuries to his left lower extremity, left hip, right upper extremity, and right elbow; that PLAINTIFF suffered, suffers and will in the future continue to suffer great physical pain and mental anguish; that the function of all of the stated areas and parts of PLAINTIFF's body has been and will be in the future be greatly impaired and diminished and that all of PLAINTIFF's injuries, effects and results thereof are permanent and progressive.

48.    As a direct and proximate result of the DEFENDANT TRANSPORTATION's carelessness and negligence and the injuries to PLAINTIFF described herein, PLAINTIFF has incurred medical expenses to date, in sums not yet determined, and other damages in excess of $75,000.00, and is reasonably certain to sustain additional expense and loss in the future on account of medical treatment.

WHEREFORE, Plaintiff JOSEPH REED prays for judgment against Defendant, WESTERN OIL TRANSPORTATION, INC., in excess of $75,000 and for his costs incurred and for such other relief as the Court deems just and proper.

13

### COUNT VI – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT – WESTERN OIL TRANSPORTATION, INC.

COMES NOW, PLAINTIFF and for his cause of action against Defendant WESTERN OIL TRANSPORTATION, INC., states as follows:

49. PLAINTIFF adopts by reference each and every paragraph and sub-paragraph contained in paragraphs 1-48 above.

50. On or about August 22, 2014, DEFENDANT TRANSPORTATION had a duty to comply with the Americans With Disabilities Act.

51. On or about August 22, 2014, the walkway where PLAINTIFF was caused to fall and sustain injury was an accessible route for wheelchair bound guests and patrons, covered under the Americans With Disabilities Act.

52. DEFENDANT TRANSPORTATION failed to maintain the walkway in violation of Section 4.3.2(1) of the Americans With Disabilities Act, such that DEFENDANT TRANSPORTATION should have maintained an accessible route for wheelchair bound guests and patrons.

53. DEFENDANT TRANSPORTATION failed to maintain the walkway in violation of Section 4.3.3 of the Americans With Disabilities Act, such that DEFENDANT TRANSPORTATION should have maintained a 36-inch clearance on the walkway for wheelchair bound guests and patrons.

54. That as a direct and proximate result of the negligence and carelessness of the DEFENDANT TRANSPORTATION, PLAINTIFF suffered injuries to his left lower extremity, left hip, right upper extremity, and right elbow, ; that PLAINTIFF suffered, suffers and will in the

future continue to suffer great physical pain and mental anguish; that the function of all of the stated areas and parts of PLAINTIFF's body has been and will be in the future be greatly impaired and diminished and that all of PLAINTIFF's injuries, effects and results thereof are permanent and progressive.

55. As a direct and proximate result of the DEFENDANT TRANSPORTATION's carelessness and negligence and the injuries to PLAINTIFF described herein, PLAINTIFF has incurred medical expenses to date, in sums not yet determined, and other damages in excess of $75,000.00, and is reasonably certain to sustain additional expense and loss in the future on account of medical treatment.

WHEREFORE, Plaintiff JOSEPH REED prays for judgment against Defendant, WESTERN OIL TRANSPORTATION, INC., in excess of $75,000 and for his costs incurred and for such other relief as the Court deems just and proper.

BROWN & CROUPPEN, P.C.

BY:   /a/Andrea D. McNairy
        Andrea D. McNairy, # 58558 (MO)
        Steven W. Duke, #  68034MO
        Attorneys for Plaintiff
        211 N. Broadway, Ste. 1600
        St. Louis, MO 63102
        (314) 421-0216
        (314) 421-0359 (Fax)
        AndreaM@getbc.com
        SteveD@getbc.com
        pipleadings@getbc.com

15