IN THE CIRCUIT COURT OF THE
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JOSEPH REED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:16-cv-423 |
| v. ) | |
| ) | |
| WESTERN OIL, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Joseph Reed, through Counsel, Andrea McNairy, and Brown & Crouppen, P.C., pursuant to Federal Rule of Civil Procedure 56, submits the following memorandum of law in support of his motion for partial summary judgment on for *per se* violations of the Americans With Disabilities Act (28 CFR ¶36 et seq.) ("**ADA**"):

**INTRODUCTION**

In 2014 through the present, Western Oil, Inc. ("Defendant") owned and operated a gas station in Union, Missouri commonly known as Petro Mart. SOF ¶1. The Petro Mart had two handicapped ramps leading to the only entrance into the Petro Mart. SOF ¶¶ 15-16. The sidewalk in the front of the Petro Mart was 60 inches wide, from the wall of the store to the edge of the front sidewalk. SOF ¶12.

It was Defendant's custom and practice to stock displays on the front sidewalk year round. SOF ¶9. Defendant would maintain water in the spring and continually restock it until the fall when the water would be replaced by windshield solvent and salt in the fall. SOF ¶¶6-9. Defendant would also place firewood and propane on the front sidewalk of the Petro Mart. SOF ¶10. The

1

displays for the front sidewalk would initially be ordered by upper management or the corporate office but then be maintained, reordered and restocked by employees working at the Petro Mart. SOF ¶6-7.

In April of 2014, Petro Mart was delivered 20 packs of Nestle Pure Life Water. SOF ¶2. Each 20 pack of water contained 20 .5 liter, 16.9 ounce bottles. SOF ¶3. The water was displayed on the front sidewalk. SOF ¶5. The water display protruded into the sidewalk 36.4 inches, leaving only 23.6 inches of clearance for customers, employees, employers and other members of the public to walk from the handicapped ramp, to the front entrance, on the front Petro Mart Sidewalk. SOF ¶¶5, 11-14. The other side of the sidewalk which also had a ramp, had water and other items displayed into the walkway as well. SOF ¶¶5, 15-17.

On August 22, 2014, Joseph Reed was attempting to enter the Petro Mart. SOF ¶21. When attempting to navigate the front of his wheelchair by the Nestle Pure Life Water display, the wheel of his wheelchair slipped off the sidewalk. SOF ¶21. Joseph broke his left femoral head. SOF ¶22. Joseph is permanently disabled and has been in a wheelchair his entire life. SOF ¶¶20, 23. Joseph suffers from osteogenesis imperfect. Joseph's wheelchair width from the left hand rim to the middle of the right rear tire is 23.5 inches. SOF ¶24.

## STANDARD FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the information before the court shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Material facts are those "that might affect the outcome of the suit under the governing law," and a genuine material fact is one "such that a reasonable jury could return a

2

verdict for the nonmoving party." *Id.* at 248. If the non-moving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, ... there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex,* 477 U.S. at 322–23.

The initial burden of proof on a motion for summary judgment is placed on the moving party to establish "the non-existence of any genuine issue of fact that is material to a judgment in his favor." *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.,* 838 F.2d 268, 273 (8th Cir.1988). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden shifts to the non-moving party to set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Fed.R.Civ.P. 56(e)(2). When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but, by affidavits and other evidence, must set forth specific facts showing that a genuine issue of material fact exists. *Stone Motor Co. v. Gen. Motors Corp.,* 293 F.3d 456, 465 (8th Cir.2002); Fed.R.Civ.P. 56(e)(1).

To meet its burden and survive summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Instead, the non-moving party must show there is sufficient evidence favoring the non-moving party which would enable a jury to return a verdict for it. *Anderson,* 477 U.S. at 249; *Celotex,* 477 U.S. at 334. "If the non-moving party fails to produce such evidence, summary judgment is proper." *Olson v. Pennzoil Co.,* 943 F.2d 881, 883 (8th Cir.1991).

## ANALYSIS

This Court should grant the Plaintiff's Motion for Partial Summary Judgment on the claim of *per se* violation of the ADA because there are no genuine issues of material fact on three of the requisite elements of the claim.

Negligence *per se* arises when the legislature pronounces in a statute or code what the conduct of a reasonable person must be and the court adopts the statutory standard of care to define the standard of conduct of a reasonable person. *Goudeaux v. Bd. of Police Com'rs of Kansas City*, 409 S.W.3d 508, 512 (Mo.App. W.D. 2013). When a case based on negligence *per se* is submitted to the jury, the standard of care is omitted because the statutory violation itself constitutes a breach of the standard of care. *Id.* at 512-513. In short, negligence *per se* is in effect a presumption that one who has violated a safety statute has violated his legal duty to use due care. *Id*. at 513. Thus, when a claim is submitted to a jury on the theory of negligence *per se*, the verdict director submits the predicate acts or omissions necessary to demonstrate a violation of the statute, and whether the plaintiff was injured as a result. However, the jury is not asked to determine whether those acts or omissions constituted negligence. *Id*.

To establish a claim of negligence *per se* based on the violation of a statute or code, a plaintiff must prove the following four elements: (1) a violation of the statute or code; (2) the injured plaintiff was a member of the class of persons intended to be protected by the statute or code; (3) the plaintiff's injury is of the type the statute or code was designed to prevent; and (4) the violation of the statute or code was the proximate cause of the injury. *See Blackwell v. CSF Properties 2 LLC*, 443 S.W.3d 711, 716 (Mo.App. E.D. 2014).

There are no genuine issues of material fact as to whether: (1) Defendant violated the ADA; (2) Plaintiff was a member of the class of persons intended to be protected by the ADA; and (3)

his injury is of the type the ADA was designed to prevent. As such, Plaintiff Joseph Reed is entitled to partial summary judgment on three of the four essential elements of negligence *per se*, leaving for the jury the sole question of whether Defendant's violations of the ADA proximately caused injury to Plaintiff.

### 1. Defendant Violated the ADA

Section 403 of the ADA requires "a continuous, unobstructed way of pedestrian passage. 28 CFR Part 36, Section 403. The ADA requires the clear width of walking surfaces to be 36 inches minimum. Section 403.5.1. There is an exception, which Plaintiff contends does not apply, which requires walking surfaces to be reduced to 32 inches minimum. Section 403.5.1.

Defendant admits that the ADA applies to the Petro Mart, that it knew about ADA requirements before the day Plaintiff fell and that anything less than 32 inches of clearance on a walkway is a violation of the ADA. SOF ¶¶18-19, 25-26. Defendant admits it placed, maintained and restocked displays on its front sidewalk of the Petro Mart. SOF ¶¶2-8. Defendant admits it was its policy and practice to maintain displays on its Petro Mart sidewalk year round. SOF ¶¶9-10. The Defendant admits it ordered, stocked and restocked 20 packs of .5L Nestle Pure Life Water on its front sidewalk. SOF ¶¶2-6. The water stacked, as reflected in photos taken two days after Plaintiff fell, leaves less than 24 inches of clearance. SOF ¶14.

Consequently, there are no genuine issues of material fact as to the first element of negligence *per se*; Defendant was required to follow the applicable law and failed to do so. As a matter of law, the first element of negligence *per se* has been met.

### 2. The Plaintiff was a Member of the Class of People Intended to be Protected by the ADA

The purpose and intent of the ADA and the applicable sections of the CFR are to keep members of the public safe and maintain accessibility for those with disabilities.

5

> **¶ 36.101 Purpose and broad coverage.**
>
> **(a)** *Purpose.* The purpose of this part is to implement subtitle A of title III of the Americans with Disabilities Act of 1990 (42 U.S.C. 12181- 12189), as amended by the ADA Amendments Act of 2008(ADA Amendments Act) (Pub. L. 110-325, 122 Stat. 3553 (2008)), which prohibits discrimination on the basis of disability by covered public accommodations and requires places of public accommodation and commercial facilities to be designed, constructed, and altered in compliance with the accessibility standards established by this part.
>
> **(b)** *Broad coverage.* The primary purpose of the ADA Amendments Act is to make it easier for people with disabilities to obtain protection under the ADA. Consistent with the ADA Amendments Act's purpose of reinstating a broad scope of protection under the ADA, the definition of "disability" in this part shall be construed broadly in favor of expansive coverage to the maximum extent permitted by the terms of the ADA. The primary object of attention in cases brought under the ADA should be whether entities covered under the ADA have complied with their obligations and whether discrimination has occurred, not whether the individual meets the definition of "disability." The question of whether an individual meets the definition of "disability" under this part should not demand extensive analysis.
>
> 28 CFR Part 36, Subpart A ¶ 36.101; *Exhibit 11*.

Joseph is a member of the public, with a disability, who needed access to the inside of the Petro Mart. SOF ¶¶21-24. Defendant admits the ADA exists to give safe accessibility to people in wheelchairs. SOF ¶¶23-26. There is no question but that the ADA was enacted to protect Joseph in this situation.

### 3. The ADA is designed to Protect against the Type of Injury Suffered by Joseph

All of the supporting documentation of the ADA indicate its purpose is to prevent potential accidents and make sure people with mobility issues can safely enter and exit public facilities without injury. As a wheelchair bound person, Joseph was exactly the type of individual these regulations were enacted to protect. Joseph broke his left femoral head when his wheelchair slipped off the edge of the Petro Mart entrance sidewalk. SOF ¶¶20-24. These facts are also undisputed. Consequently, the Plaintiff can satisfy elements one, two and three of negligence *per se* as a matter

6

of law.

## CONCLUSION

Plaintiff is entitled to partial summary judgment on his *per se* violation of the Americans With Disabilities Act, with the sole remaining issue for the jury on this claim being whether Joseph sustained damage as a direct result of Defendant's conduct. *Goudeaux*, 409 S.W.3d at 513. It is indisputable that Defendant violated the ADA which was in place to protect individuals like Joseph. Therefore, since there are no factual disputes regarding three of the four essential elements of the Plaintiff's negligence *per se* claim, partial summary judgment is appropriate.

BROWN & CROUPPEN, P.C.

BY: /s/*Andrea D. McNairy*
Andrea D. McNairy, # 58558MO
Lara L. Gillham, # 67320MO
Attorneys for Plaintiff
211 N. Broadway, Ste. 1600
St. Louis, MO 63102
(314) 561-6319
(314) 421-0359 (Fax)
AndreaM@getbc.com
LaraG@getbc.com
pipleadings@getbc.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served on all counsel of record via the Court's electronic notification system on this 23rd day of August, 2017.

/s/ *Andrea D. McNairy*