UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH REED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:16-CV-423 RLW |
| | ) |
| WESTERN OIL, INC., | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel Discovery Responses from Defendant (ECF No. 64). This matter is fully briefed and ready for disposition.

### A. Request for Admission No. 9

Request for Admission No. 9 asks Defendant to admit that a sidewalk width of 23.6 inches is a violation of ADA requirements. Defendant responded that it was unable to admit or deny the Request. (ECF No. 66, ¶1). Defendant further responds that this request is moot, given that it has conceded Plaintiff's Motion for Partial Summary Judgment.

The Court holds that Request for Admission No. 9 seeks relevant information that is within the Defendant's knowledge and is relevant to Plaintiff's claims. Further, the Court holds that this request is relevant to Defendant's affirmative defense that Plaintiff was contributorily negligent for his injuries and to Defendant's allegation that Plaintiff had the ability to see and/or avoid the water that protruded into the sidewalk.

### B. Request for Production Nos. 1, 2, and 3

Request for Production numbers 1, 2, and 3 asked for documents pertaining to inspections, the Internal Shopper Program, and walkthroughs that took place at the Union store in the months leading up to, and including August 22, 2014. Defendant objected on the basis

that the requests were vague and ambiguous, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and overbroad as to time. Defendant claims that it has already admitted that it was responsible for the placement of the water bottle display and the condition of the sidewalk. (ECF No. 66, ¶2). Plaintiff argues that these requests relate to Defendant's knowledge of the presence and placement of the water display at issue and are limited to the relevant location, date and time period.

The Court holds that Requests for Production numbers 1, 2, and 3 are relevant to Defendant's knowledge of the water display at issue, including Defendant's ability to observe the condition that led to Plaintiff's injury.

### C. Request for Production No. 4

Request for Production number 4 seeks documents relating to the identification of employees at the Union store on August 22, 2014. Defendant objected on the basis that it is overbroad in scope and time and because Defendant previously identified former employees.

The Court holds that Request for Production number 4 is reasonable in time and scope because it is limited to the date of the incident. Defendant shall produce documents identifying who was working at the Union store on August 22, 2014 because these employees will likely have information relevant to Plaintiff's claim.

### D. Request for Production No. 5

Request for Production number 5 seeks the employee handbook as it existed on August 22, 2014. Defendant objected on the basis that this request is vague and ambiguous and because Defendant previously provided relevant portions of the handbook.

The Court holds that Request for Production number 5 is unambiguous as written. It appears that some additional parts of the handbook may be relevant to proving Plaintiff's claims.

Further, the Court holds that it is not unduly burdensome to produce the entire employee handbook, particularly when it appears that Defendant has not been forthcoming with its previous production.

### E. Request for Production No. 6

Request for Production number 6 seeks documents, sales receipts, and other records of each individual transaction that occurred at the Union store on August 22, 2014. Defendant objected on the basis that the request was overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Defendant indicated that it produced computer records for 6:00 p.m. to 9:00 p.m. on August 22, 2014.

The Court holds that Defendant must produce sales receipts and other records showing each individual transaction that occurred at the Union store on August 22, 2014. Plaintiff has had difficulty identifying his transaction at the Union store and the Court agrees that broadening the search may help locate this transaction.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Discovery Responses from Defendant (ECF No. 64) is **GRANTED**. Defendant shall provide discovery responses **no later than September 29, 2017**. If Defendant fails to fully and completely respond to the discovery requests by September 29, 2017, the Court may impose sanctions, including possibly striking Defendant's pleadings.

Dated this 21st day of September, 2017.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE