**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH REED, | ) | |
| | ) | |
| Plaintiff, | ) | No. 4:16-CV-423 RLW |
| | ) | |
| v. | ) | |
| | ) | |
| WESTERN OIL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion for Partial Summary Judgment (ECF No. 61). These matters are fully briefed and ready for disposition.

## BACKGROUND[1]

Defendant Western Oil, Inc. ("Defendant") owned and operated a Petro Mart gas station at 1200 Main Street, Union, Missouri (hereinafter "Petro Mart") on August 22, 2014. (Plaintiff's Statement of Uncontroverted Material Facts in Support of His Motion for Partial Summary Judgment ("PSUMF"), ECF No. 62, ¶1). On April 19, 2014, twenty cases of Nestle Purse Life Water ("cases of water") were delivered to the Petro Mart. (PSUMF, ¶2). Each case of water contained twenty .5 liter 16.9 ounce bottles. (PSUMF, ¶3). The cases of water were delivered straight from the vendor and displayed in front of the Petro Mart on the sidewalk. (PSUMF, ¶¶4-5). The cases of water initially were ordered by Defendant's corporate office, and later maintained and restocked by the Petro Mart's manager and employees. (PSUMF, ¶6). Only

---

[1] Defendant was ordered to file his response to Plaintiff's Motion for Partial Summary Judgment no later than September 22, 2017. (ECF No. 59). Defendant notified the Court on September 12, 2017, that it did not intend to file an opposition to Plaintiff's Motion for Partial Summary Judgment. Therefore, Plaintiff's Statement of Uncontroverted Material Facts are deemed as admitted.

Defendant and its employees had control of the placement and stocking of the display of water cases. (PSUMF, ¶7). The display of water cases was maintained from April 9, 2014 through August 2014. (PSUMF, ¶8). Defendant's custom and practice was to maintain front sidewalk displays year round, beginning with water in the spring and windshield solvent and salt in the fall. (PSUMF, ¶9). Defendant would also display propane and firewood on the front Petro Mart sidewalk. (PSUMF, ¶10).

Each 16.9 ounce bottle of water measured 2.6 inches. (PSUMF, ¶11). The Petro Mart sidewalk measured 60 inches wide, from the wall of the store to the edge of the front sidewalk. (PSUMF, ¶12). The display of water extended 36.4 inches into the sidewalk. (PSUMF, ¶13). A clearance of 23.6 inches on the sidewalk remained in front of the Petro Mart for customers to enter the Petro Mart. (PSUMF, ¶14). There was no alternate means for a customer to enter the Petro Mart, except through the front door. (PSUMF, ¶15). The Petro Mart had two handicapped ramps on either side of the sidewalk, which lead up to the only entrance to the Petro Mart. (PSUMF, ¶16). The other end of the sidewalk also contained water extending into the sidewalk, which narrowed the sidewalk. (PSUMF, ¶17). The Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, *et seq.*, requires a minimum clearance width of 36 inches for a designated accessible route into a business. (PSUMF, ¶18). A sidewalk clearance of 23.6 inches is a violation of the ADA. (PSUMF, ¶19).

Plaintiff is confined to his wheelchair for mobility and is permanently disabled. (PSUMF, ¶20). On August 22, 2014, Plaintiff's wheelchair slipped off the Petro Mart sidewalk, while passing in front of the Display, when he tried to enter the Petro Mart. (PSUMF, ¶21). Plaintiff broke his left femoral heard in his hip/leg as a result of his August 22, 2104 fall from the

Petro Mart sidewalk. (PSUMF, ¶22). Plaintiff's wheelchair width from the left hand rim to the middle of the right rear tire is 23.5 inches. (PSUMF, ¶24).

Defendant was aware of the ADA before August 22, 2014. (PSUMF, ¶25). The ADA applied to Defendant's Petro Mart on August 22, 2014. (PSUMF, ¶26).

## DISCUSSION

### A. Motion for Summary Judgment Standard

The Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Citrate*, 477 U.S. 317, 322 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011). The substantive law determines which facts are critical and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Only disputes over facts that might affect the outcome will properly preclude summary judgment. *Id.* Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

A moving party always bears the burden of informing the Court of the basis of its motion. *Celotex Corp.*, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248. The nonmoving party may not rest upon mere allegations or denials of his pleading. *Id.*

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor.

*Celotex Corp.*, 477 U.S. at 331. The Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. "'Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.'" *Torgerson*, 643 F.3d at 1042 (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)).

### B. Discussion

Plaintiff argues that this Court should grant Plaintiff's Motion for Partial Summary Judgment on the claim of *per se* violation of the ADA. To establish a claim of negligence *per se* based on the violation of a statute or ordinance, a plaintiff must plead the following four elements: (1) a violation of the statute or ordinance; (2) the injured plaintiff was a member of the class of persons intended to be protected by the statute or ordinance; (3) the plaintiff's injury is of the type the statute or ordinance was designed to prevent; and (4) the violation of the statute or ordinance was the proximate cause of the injury. *Blackwell v. CSF Properties 2 LLC*, 443 S.W.3d 711, 716 (Mo. Ct. App. 2014) (citing *Mediq PRN Life Support Servs., Inc. v. Abrams*, 899 S.W.2d 101, 107 (Mo. Ct. App. 1994)). Plaintiff alleges that the statute or ordinance violated by Defendant is the ADA. Plaintiff maintains that there are no genuine issues of material fact as to whether: (1) Defendant violated the ADA; (2) Plaintiff was a member of the class of persons intended to be protected by the ADA; and (3) Plaintiff's injury was of the type that the ADA was designed to prevent. (ECF No. 63 at 4-5).

### (1) Defendant Violated the ADA

The ADA, 28 C.F.R. §36.403(a), requires that "the path of travel to the altered area and the restrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, unless

- 4 -

the cost and scope of such alterations is disproportionate to the cost of the overall alteration." Under the ADA, the "path of travel" includes "a continuous, unobstructed way of pedestrian passage by means of which the altered area may be approached, entered, and exited, and which connects the altered area with an exterior approach (including sidewalks, streets, and parking areas), an entrance to the facility, and other parts of the facility." 28 C.F.R. §36.403(e). The ADA requires that the clear width of walking services to be 36 inches minimum. *See* http://www.ada-compliance.com/ada-compliance/403-walking-surfaces; Section 403.5.1. There is another exception which allows the width to be reduced to 32 inches and be compliant with the ADA, but Defendant has not asserted that this exception applies. *Id.*

Defendant admits that the ADA applies to the Petro Mart, that it knew about the ADA requirements before Plaintiff fell, and that a path or travel with less than 32 inches of clearance on a walkway is an ADA violation. PSUMF, ¶¶18-19, 25-26. Defendant admits that it placed, and later restocked, displays of water on the front sidewalk of the Petro Mart. PSUMF, ¶¶2-8. Defendant admits its policy was to maintain displays on its Petro Mart sidewalk year round. PSUMF, ¶¶9-10. The cases of water were stacked on the sidewalk in the manner that left less than 24 inches of clearance. PSUMF, ¶14. As a result, the Court holds that there are no genuine issues of material facts regarding the first element of a negligence *per se* claim. Defendant failed to follow ADA regulations regarding the proper amount of space for a path of travel. As a matter of law, the Court holds that the first element of negligence *per se* has been met.

## (2) Plaintiff was a Member of the Class of People intended to be Protected by the ADA

The purposed under the ADA is "to prohibit[] discrimination on the basis of disability by public accommodations and require[] places of public accommodation and commercial facilities

to be designed, constructed, and altered in compliance with the accessibility standards established by this part." 28 C.F.R. 36.101. Plaintiff was a member of the public, with a disability, who needed to access the inside of the Petro Mart. PSUMF, ¶¶21-24. Defendant admits that the ADA exists to give safe accessibility to people in wheelchairs. PSUMF, ¶23-26. The Court holds, as a matter of law, that the ADA was enacted to protect people such as Plaintiff.

### (3) The ADA is Designed to Protect Against the Type of Injury Suffered by Plaintiff

The ADA is designed to prevent potential accidents and make sure that people with mobility issues can safely patronize public facilities without injury. Plaintiff is bound to a wheelchair, and he broke his femoral head when his wheelchair slipped off the edge of the Petro Mart entrance sidewalk. PSUMF, ¶¶20-24. The Court holds that Plaintiff has satisfied the third element of a negligence *per se* claim

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Partial Summary Judgment (ECF No. 61) is **GRANTED**. Plaintiff has demonstrated that (1) Defendant violated the ADA; (2) Plaintiff was a member of the class of persons intended to be protected by the ADA; and (3) Plaintiff's injury was of the type that the ADA was designed to prevent. Therefore, the only remaining issue at trial for Plaintiff's negligence *per se* claim is whether the ADA proximately caused injury to Plaintiff.

Dated this 22nd day of September, 2017.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**